[Cite as *State v. Wertman*, 2019-Ohio-7.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 COA 026 |
| DAVID M. WERTMAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:              Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  15 CRI 181


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:            January 2, 2019


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

CHRISTOPHER R. TUNNELL            DAVID M. WERTMAN
PROSECUTING ATTORNEY              PRO SE
VICTOR R. PEREZ                            3447 Stimson Road
ASSISTANT PROSECUTOR               Norton, Ohio  44203
110 Cottage Street
Ashland, Ohio  44805

*Wise, John, P. J.*

{¶1}     Appellant David M. Wertman appeals his conviction and sentence entered in the Ashland County Court of Common Pleas following a plea of guilty to one count of Attempted Engaging in a Pattern of Corrupt Activity.

{¶2}     Appellee is the State of Ohio.

{¶3}     This case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E)  Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall

be sufficient compliance with App.R. 12(A) for the statement of the reason

for the court's decision as to each error to be in brief and conclusionary

form.

The decision may be by judgment entry in which case it will not be

published in any form.

{¶4}     One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶5}     This appeal shall be considered with the foregoing rules in mind.

## STATEMENT OF THE FACTS AND CASE

{¶6} On October 30, 2015, Appellant David M. Wertman was indicted by the Ashland County Grand Jury on one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. §2923.32(A)(3), a felony of the second degree.

{¶7} On January 15, 2016, Appellant entered a plea of guilty to one count of Attempted Engaging in a Pattern of Corrupt Activity, in violation of R. C. §2923.32(A)(3) and 2923.02(A), a felony of the fourth degree. *See* Judgment Entry, January 19th, 2016.

{¶8} On July 22, 216, the trial court sentenced Appellant to community control for three (3) years, fines, forfeiture of certain personal property, and a license suspension. *See* Judgment Entry-Sentencing, Ashland Co. Case No. 15-CRI-181. July 22nd, 2016. The trial court also informed Defendant-Appellant that violations of his conditions could result in a sanction of up to eighteen months in the custody of the Ohio Department of Rehabilitation and Correction. *Id*

{¶9} On September 13, 2016, a Community Control Violation was filed against Appellant alleging that he overdosed on heroin.

{¶10} On October 5, 2016, Appellant admitted to his violation and was sentenced to two (2) days in the Ashland County Jail. See Judgment Entry dated November 15th, 2016.

{¶11} On April 27, 2018, a second Community Control Violation was filed against Defendant-Appellant. It alleged eight violations:

COUNT ONE (1): TO WIT: On or about 4/24/18, you used marijuana.

COUNT TWO (2): TO WIT: On or about 4/24/18, you possessed marijuana.

COUNT THREE (3): TO WIT: Since on or about 6/1/17, you traveled to Michigan without a written travel permit from the Adult Parole Authority.

COUNT FOUR (4): TO WIT: On or about 3/25/18, you were in possession of a firearm.

COUNT FIVE (5): TO WIT: Since on or about 7/22/16, you have failed to complete court ordered community work service.

COUNT SIX (6): TO WIT: On or about 4/24/18, you used marijuana.

COUNT SEVEN (7): TO WIT: On or about 4/24/18, you admitted to possession of marijuana.

COUNT EIGHT (8): TO WIT: On or about 4/23/18, you failed to abide by your court approved curfew.

{¶12} On May 18, 2018, pursuant to a plea deal, Appellant admitted to Counts 1, 2, 6, and 7. *See* Judgment Entry dated June, 7th, 2018. The other charges were dismissed according to the plea agreement. *Id.*

{¶13} On June 6, 2018, at the sanctioning hearing, trial counsel presented mitigating evidence on behalf of Appellant claiming that Appellant's possession of marijuana was for medical purposes. (Sanc. T. at 4-8). When challenged by the trial court about why Appellant did not present his affirmative defense, trial counsel conceded that medical marijuana was still a technical violation of community control. (Sanc. T. at 8).

{¶14} The trial court adopted the recommendation of the Adult Parole Authority and sentenced Appellant to six (6) months in CROSSWEAH Community Based Correctional Facility. (Sanc. T. at 12). The trial court sentenced Appellant to an additional thirty (30)

days in the Ashland County Jail "unless and until" Appellant was admitted to CROSSWEAH. *Id.*

**{¶15}** During the hearing, the trial court stated:

This is [Appellant's] second violation of supervision, and there is a lot of stuff he did not plead to, but this Court has knowledge about him engaging in conduct with the fire crackers attempting to disrupt a capital case ... and the travel out of state ... I don't think we have your attention, [Appellant].

**{¶16}** (Sanc. T. at 10-11).

**{¶17}** Appellant filed a Motion to Stay Execution of Sentence, which was granted by the trial court on June 14th, 2018.

**{¶18}** Appellant filed a Notice of Appeal on July 5, 2018, was granted an extension on August 18, 2018, granted a second extension on September 27, 2018, and filed a timely appeal on October 10, 2018.

**{¶19}** Appellant's brief lists the following errors for review:

### ASSIGNMENTS OF ERROR

**{¶20}** "I. Sentencing is contrary to law.

**{¶21}** "II. Sentencing was a violation due process.

**{¶22}** "III. Ineffective legal counsel."

**{¶23}** As an initial matter, we note Appellee's brief fails to conform to App.R. 16(A). Nevertheless, this Court read and considered it.

**I., II.**

{¶24} In his first and second assignments of error, Appellant challenges his sentence imposed following his community control violations. Appellant argues that his sentence is contrary to law and was a violation of due process.

{¶25} Appellant herein appears to be arguing that the trial court should not have considered uncharged violations in sentencing. Appellant also argues that he was not given the opportunity to present evidence or face his accusers.

{¶26} During the sanctions hearing, the trial court mentioned Count 3, which had been dismissed pursuant to a plea agreement. (Sanc. T. at 10-11). Count 3 alleged that Appellant had traveled out of the state without permission. The trial court also made reference to an attempt by Appellant to take firecrackers into a capital case. (Sanc. T. at 10).

{¶27} A sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Parsons,* 2013-Ohio-1281, 2013 WL 1289523, ¶ 18, citing *State v. Starkey,* 7th Dist. No. 06MA110, 2007-Ohio-6702, 2007 WL 4374457, ¶ 2; *State v. Cooey,* 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). In imposing sentence, the trial court can also take into consideration the fact that the charges were reduced. *Id.* Furthermore, long-established caselaw has held that the trial court may consider uncharged crimes, as well as charges that are dismissed in a plea agreement, as factors at sentencing. *State v. Starkey,* 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 2

{¶28} We further find Appellant's due process arguments not well-taken. The Supreme Court of Ohio has stated that a guilty plea "represents a break in the chain of

events which has preceded it in the criminal process." *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* (He may only attack the plea itself by showing that the advice he received from counsel was not within the standards). Appellant herein has not challenged the voluntary nature of his plea.

{¶29} Upon review of the record, we do not find that the trial court abused its discretion in imposing sentence in this matter.

{¶30} Appellant's first and second assignments of error are overruled.

### III.

{¶31} In his third assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.

{¶32} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether the Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶33} Counsel is unconstitutionally ineffective if his performance is both deficient, meaning his errors are "so serious" that he no longer functions as "counsel," and

prejudicial, meaning his errors deprive the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶34}** Here, Appellant argues that his counsel was ineffective in "offering statements to the Court accepting that Mr. Wertman failed to properly notify his probation officer about said prescription in an appropriate and timely manner while having proof this was not the case." Appellant's brief at 6.

**{¶35}** Upon review, we find, as stated above, that Appellant admitted to and plead guilty to the alleged community control violations. The sanctions imposed upon Appellant resulted from his guilty plea, not the statements made by his counsel concerning notification. Further, Appellant has provided no evidence in support of such proper notification.

**{¶36}** We therefore find that Appellant has failed to show that his trial counsel performed below an objective standard of reasonable representation or that he was prejudiced by the alleged error.

{¶37} Appellant's third assignment of error is overruled.

{¶38} For the foregoing reasons, the judgment of the Common Pleas Court of Ashland County, Ohio, is affirmed.

By: Wise, John, P. J.

Hoffman, J., and

Wise, Earle, J., concur.

JWW/d 1219