[Cite as *State v. Larkins*, 2019-Ohio-4495.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

DAWANE M. LARKINS

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 19CA85

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Richland County Court of Common Pleas, Case No. 2007-CR-0209 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 31, 2019 |

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Richland County Prosecutor

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

For Defendant-Appellant

DAWANE M. LARKINS
Inmate No. A523421
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio  45036

*Hoffman, P.J.*

{¶1}   Defendant-appellant Dawane Larkins appeals the July 31, 2019 Judgment Entry on Defendant's Motion to Vacated [sic] Void Conviction and Sentence, and the July 31, 2019 Amended Re-Sentencing Entry entered by the Richland County Court of Common Pleas, which found Counts One and Two of the indictment were allied offenses, vacated his sentence on Count Two, merged Count Two with Count One, and re-sentenced him accordingly.   Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2}   On September 12, 2007, following a five day jury trial, Appellant was convicted on one count of aiding and abetting aggravated burglary with a firearm specification; one count of aiding and abetting aggravated robbery with a firearm specification; two counts of burglary; one count of receiving stolen property; one count of improperly handling firearms in a motor vehicle; one count of having a weapon while under a disability; one count of possession of criminal tools; one count of possession of a controlled substance, crack cocaine; one count of possession of a controlled substance, Oxycodone; and one count of possession of drug paraphernalia.

{¶3}   The trial court sentenced Appellant to an eight year term of incarceration for the burglary conviction involving the home of Evelyn Yahney.   The trial court also sentenced Appellant to concurrent ten year terms of incarceration for the aggravated burglary and aggravated robbery of Joseph Poland (Counts One and Two), as well as a mandatory three years for the gun specification attached to those convictions.  In addition, the trial court sentenced Appellant to four years for the burglary of the home of Sam Ramirez; five years for having a weapon while under a disability; nine months for receiving stolen property; twelve months for improperly handling a firearm in a motor vehicle; nine

months for possession of criminal tools; twelve months for possession of crack cocaine; nine months for possession of Oxycodone; and ten days for possession of drug paraphernalia. The court ordered the sentences for the convictions of aggravated robbery of the Poland home, burglary of the Ramirez home, burglary of the Yahney home, and having weapons while under disability to be served consecutively. Appellant was sentenced to an aggregate prison term of thirty years.

{¶4} Appellant appealed his convictions to this Court, challenging the jury instructions relative to the Yahney and Poland robberies, and the admission of the photo array shown to Evelyn Yahney by police in an attempt to identify the home intruder. This Court affirmed Appellant's convictions in *State v. Larkins,* 5th Dist. Richland Nos. 2007–CA–0092, 2007–CA–0093, 2008–Ohio–5982. On April 22, 2010, the trial court resentenced Appellant to correct an issue with post release control.

{¶5} On June 28, 2019, Appellant filed an Emergency Motion to Vacate Void Conviction and Sentence. Therein, Appellant asserted his conviction and sentence on Count Two were void and should be vacated pursuant to *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, because the trial court imposed multiple sentences for allied offenses. The state agreed and elected to go forward on Count One.

{¶6} Via Judgment Entry on Defendant's Motion to Vacated [sic] Void Conviction and Sentence filed July 31, 2019, the trial court found Appellant was erroneously sentenced to allied offenses; therefore, because the state elected to go forward on Count One, the sentence for Count Two was void. The trial court vacated the sentence on Count Two. Contemporaneously with this judgment entry, the trial court filed an Amended Re-Sentencing Entry. The trial court reimposed the ten year sentence on Count One and

ordered the sentence to run consecutively to Count Three, Count Six, the three year mandatory sentence on the firearm specification, and the eight year sentence on the convictions for aggravated burglary and burglary involving Evelyn Yahney. The sentences imposed on Count Three, Count Six, the three year mandatory sentence on the firearm specification, and the eight year sentence on the convictions for aggravated burglary and burglary involving Evelyn Yahney were the same as the sentences which were originally imposed.

{¶7} It is from the July 31, 2019 Judgment Entry and the July 31, 2019 Amended Re-Sentencing Entry Appellant appeals, raising the following assignment of error:

TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES BECAUSE IT FAILED TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4).

{¶8} This case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated calendar cases, stating in pertinent part: "* * * It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form." *See, e.g., State v. Wertman*, 5th Dist. Ashland No. 18 COA 026, 2019-Ohio-7, ¶ 3.

I.

{¶9} In his sole assignment of error, Appellant challenges the trial court's imposition of consecutive sentences. Appellant contends, because the sentence originally imposed by the trial court was void, he was "in the same position as if there had

been no judgment"; therefore, the trial court could not impose consecutive sentences without making the requisite findings.[1] Brief of Appellant at 3. We disagree.

{¶10} In *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 2, the Ohio Supreme Court held the imposition of separate sentences for allied offenses of similar import is contrary to law and such sentences are void. As such, *res judicata* does not preclude a court from correcting those sentences after a direct appeal. *Id.* When a sentence imposed by a trial court is in part void, only the portion which is void may be vacated or otherwise amended. Further, only the portion which is void, not the entirety of the sentence, is subject to review and correction. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at ¶ 28. The doctrine of res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at ¶ 40. Because Appellant failed to raise as error in his original appeal the trial court's imposition of consecutive sentences, we find he is barred by res judicata from arguing the trial court had no authority to impose consecutive sentences upon resentencing when it failed to make the requisite statutory findings.

{¶11} The Amended Re-Sentencing Entry did not change Appellant's aggregate sentence, but merely vacated Count Two of the Indictment as the trial court was required to do upon finding Counts One and Two were allied offenses and merger applied. We

---

[1] Appellant relies upon *State v. Billiter,* No. 2011–1501, 2012–Ohio–5144, and *State v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563, in support of his position a void judgment places the parties in the same position as if there had been no judgment. These cases rely upon *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, ¶ 13, which was overruled by *State v. Fischer*, infra.

find the trial court was well within its authority to issue the entry to cure the error herein.

See, *State v. Cruz-Altunar*, 10th Dist. App. No. 18AP–951, 2019 -Ohio- 2298.

**{¶12}** Appellant's sole assignment of error is overruled.

**{¶13}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur