[Cite as *State v. Wertman*, 2019-Ohio-4940.]

WCOURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 19-COA-020 |
| DAVID M. WERTMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland County
                             Court of Common Pleas, Case No.
                             15CRI181

JUDGMENT:                    Affirmed in part; Reversed in part; Vacated
                             in part

DATE OF JUDGMENT ENTRY:      December 2, 2019

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant
CHRISTOPHER R. TUNNELL          BRIAN A. SMITH
ASHLAND COUNTY PROSECUTOR       755 White Pond Drive, Suite 403
BY: COLE F. OBERLI              Akron, OH  44320
ASSISTANT PROSECUTOR
110 Cottage Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant David M. Wertman ["Wertman"] appeals the imposition of sentence following a Community Control Violation hearing in the Ashland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On October 30, 2015, Wertman was indicted by the Ashland County Grand Jury on one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(3), a felony of the second degree.

{¶3} On January 15, 2016, Wertman entered a plea of guilty to one count of Attempted Engaging in a Pattern of Corrupt Activity, in violation of R. C. 2923.32(A)(3) and 2923.02(A), a felony of the fourth degree. *See, State v. Wertman*, 5th Dist. Ashland No. 18 COA 026, 2019-Ohio-7 ["*Wertman I*"], ¶7.

{¶4} On July 22, 2016, the trial court sentenced Wertman to community control for three years, fines, forfeiture of certain personal property, and a license suspension. *Wertman I*, ¶8. The trial court also informed Wertman of violations of his conditions could result in a sanction of up to eighteen months in the custody of the Ohio Department of Rehabilitation and Correction. Id.

{¶5} On September 13, 2016, a Community Control Violation was filed against Wertman alleging that he overdosed on heroin.

{¶6} On October 5, 2016, Wertman admitted to his violation and was sentenced to two (2) days in the Ashland County Jail. *See, Wertman I,* ¶10.

{¶7} On April 27, 2018, a second Community Control Violation was filed against Wertman. It alleged eight violations. On May 18, 2018, pursuant to a plea deal, Wertman

admitted to Counts 1, 2, 6, and 7. *See Wertman I,* ¶12. The other charges were dismissed. The trial court sentenced Wertman to an additional thirty days in the Ashland County Jail "unless and until" Wertman was admitted to CROSSWEAH. Id.

{¶8} We affirmed the trial court's decision in *Wertman I.*

{¶9} On January 3, 2019, Wertman's probation officer filed two alleged community control violations with the trial court. Wertman admitted to Count One of the alleged violations, with the state agreeing to dismiss the remaining count. On May 10, 2019, following a sanctions hearing, the trial court sentenced Wertman to 6 months in prison, with credit for 42 days served, and revoked his community control.

*Assignments of Error*

{¶10} Wertman raises four Assignments of Error,

{¶11} "I. THE TRIAL COURT'S SENTENCE, IMPOSING FEES ON APPELLANT PURSUANT TO R.C. 2949.091 AND R.C. 2743.70, WAS CONTRARY TO LAW.

{¶12} "II. THE TRIAL COURT'S SENTENCE, IMPOSING THE COURT-APPOINTED COUNSEL APPLICATION FEE ON APPELLANT PURSUANT TO R.C. 120.36 IN A POSTCONVICTION PROCEEDING, WAS CONTRARY TO LAW.

{¶13} "III. THE TRIAL COURT'S SENTENCE, ORDERING THAT APPELLANT PAY FEES IMPOSED UNDER R.C. 2949.091, R.C. 120.36, AND R.C. 2743.70, WAS NOT SUPPORTED BY THE RECORD.

{¶14} "IV. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO SEEK A WAIVER OF COURT COSTS, AND OF FEES IMPOSED UNDER R.C. 2949.091, R.C. 120.36, AND R.C. 2743.70, AS PART OF APPELLANT'S SENTENCE, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL."

I.

{¶15}  In his First Assignment of Error, Wertman contends that he was already ordered to pay the fees imposed under R.C. 2949.091 and R.C. 2743.70 as part of his original sentence in this case.  He argues that because the fees are to be imposed per case, the trial court could not impose those same fees a second time for the sentence for community control violation.  [Appellant's Brief at 8].

**STANDARD OF APPELLATE REVIEW.**

{¶16}  Wertman did not object or raise this error in the trial court.  In criminal cases where an objection is not raised at the trial court level, "plain error" is governed by Crim. R. 52(B), which states, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  An alleged error "does not constitute a plain error ... unless, but for the error, the outcome of the trial clearly would have been otherwise."  *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978), paragraph two of the syllabus.

{¶17}  "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *United States v. Marcus*, 560 U.S. 258, 262 130 S.Ct. 2159, 176 L.Ed.2d 1012(2010) (internal quotation marks and citations omitted).

{¶18}  The defendant bears the burden of demonstrating that a plain error affected his substantial rights.  *United States v. Olano*, 507 U.S. at 725,734, 113 S.Ct. 1770, 123

L.Ed.2d 508(1993); *State v. Perry*, 101 Ohio St.3d 118, 120 802 N.E.2d 643(2004).  Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error.  *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *Perry, supra*, at 118, 802 N.E.2d at 646.

**ISSUE FOR APPEAL.**

*Whether the trial court's order that Wertman pay fees pursuant to R.C. 2949.091 and R.C. 2743.70 was error affecting Wertman's substantial rights.*

{¶19}  R.C. 2949.091 provides in relevant part as follows,

(A)  (1)(a) The court in which any person is convicted of or pleads guilty to any offense shall impose one of the following sums as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender:

(i) Thirty dollars if the offense is a felony;

{¶20}  R.C. 2743.70 provides in relevant part as follows,

(A)(1) The court, in which any person is convicted of or pleads guilty to any offense other than a traffic offense that is not a moving violation, shall impose the following sum as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender:

(a) Thirty dollars, if the offense is a felony;

{¶21}   The trial court's Judgment Entry – Sanctioning, filed May 10, 2019 ordered, in relevant part, as follows,

The Defendant is ORDERED to pay court costs in this case, including a sum of $30.00, taxed as costs pursuant to Ohio Revised Code Section 2949.091, a sum of $25.00, taxed as court costs pursuant to Ohio Revised Code Section 120.36, and a sum of $30.00, to be paid over to the Treasurer of the State of Ohio, pursuant to Ohio Revised Code Section 2743.70.

{¶22} Wertman argues that the same language was included in the trial court's original sentencing entry. *See, Judgment Entry-Sentencing*, filed July 22, 2016 at 3(C).

{¶23} In 1991 Ohio Atty.Gen.Ops. No. 91-022, the Attorney General opined in the syllabus that, "[t]he court costs imposed by R.C. 2743.70(A)(1) and R.C. 2949.091(A)(1) are to be charged per case, and not per offense."

{¶24} The Attorney General reasoned:

An examination of the language of R.C. 2743.70(A)(1) and R.C. 2949.091(A)(1) clearly reveals that a court shall impose the specific sum of money, mandated by these sections, 'as costs in the case.' The language of R.C. 2743.70(A)(1) and R.C. 2949.091(A)(1), thus, unambiguously discloses that the General Assembly's intention in enacting these sections was to provide for the imposition of a specific sum of money as costs in any case in which a person is convicted of or pleads guilty * * *. [N]either R.C. 2743.70 nor R.C. 2949.091 sets forth a definition for the term 'case.' Terms not statutorily defined are to be accorded their common or ordinary meaning. R.C. 1.42 * * *. Black's Law Dictionary 215 (6th Ed.1990) defines the term 'case' as 'an aggregate of facts which furnishes occasion for the

exercise of the jurisdiction of a court of justice.' It is clear, therefore, that the costs mandated in R.C. 2743.70 and R.C. 2949.091 are to be imposed when an aggregate of facts furnishing a court the opportunity to exercise its jurisdiction results in a person being convicted of or pleading guilty to any offense * * *."

Id. at 4-5. The Attorney General further considered that,

[P]rior to and subsequent to the enactment of R.C. 2743.70 and R.C. 2949.091, it has been the continual practice in Ohio for offenses to be joined in one case for purposes of facilitating the administration of justice.

***

Aware of this common practice, the General Assembly made no attempt, through the language of R.C. 2743.70 and R.C. 2949.091, to indicate that the costs mandated by these sections were conditioned upon the number of offenses of which a person was convicted or to which he pled guilty in a single case. Rather, language set forth in these sections indicates the contrary.

Id. at 5; 8.

{¶25} In *Middleburg Heights v. Quinones,* the Court reviewed the Attorney General's Opinion and concluded,

It is our view that the Attorney General's reasoning with respect to assessing additional costs is instructive in the case at bar. When applying the plain language of the R.C. 2947.23, "[i]n all criminal cases [,]" it is our

view that court costs should be assessed for each case and not for each

offense.  As such, Quinones' fifth assignment of error is well taken.

8th Dist. Cuyahoga No. 88242, 2007-Ohio-3643, ¶97.

{¶26}  In the case at bar, the state agrees that the trial court erred,

> The State concedes that the trial court was not permitted to assess costs under R.C. 2743.70 and R.C. 2949.091.  Both statutes require a defendant to plead "guilty" to an offense.  Defendant-Appellant did not plead guilty to an offense.  He admitted to the veracity of the community control violations before him.  Furthermore, the offense he admitted to is not a felony, but a community control violation, making R.C. 2743.70 and R.C. 2949.091 inapplicable.  The trial court deviated from a legal rule in assessing those costs.

Appellee's Brief at 3-4.

{¶27}  Accordingly, Wertman's First Assignment of Error is sustained.

II.

{¶28}  In his Second Assignment of Error, Wertman argues the trial court erred in imposing an application fee for appointed counsel under R.C. 120.36.  Again, Wertman did not object to this at the time of his sentencing.  Accordingly, we must review for plain error.

{¶29}  R.C. 120.36 provides, in relevant part,

> (A)(1) Subject to division (A)(2), (3), (4), (5), or (6) of this section, if a person who is a defendant in a criminal case or a party in a case in juvenile court requests or is provided a state public defender, a county or joint county

public defender, or any other counsel appointed by the court, the court in which the criminal case is initially filed or the juvenile court, whichever is applicable, shall assess, unless the application fee is waived or reduced, a non-refundable application fee of twenty-five dollars.

The court shall direct the person to pay the application fee to the clerk of court. The person shall pay the application fee to the clerk of court at the time the person files a financial disclosure form with the court, a state public defender, a county or joint county public defender, or any other counsel appointed by the court or within seven days of that date. If the person does not pay the application fee within that seven-day period, the court shall assess the application fee at sentencing or at the final disposition of the case.

(2) For purposes of this section, a criminal case includes any case involving a violation of any provision of the Revised Code or of an ordinance of a municipal corporation for which the potential penalty includes loss of liberty and includes any contempt proceeding in which a court may impose a term of imprisonment.

(3) In a juvenile court proceeding, the court shall not assess the application fee against a child if the court appoints a guardian ad litem for the child or the court appoints an attorney to represent the child at the request of a guardian ad litem.

(4) The court shall not assess an application fee for a post-conviction proceeding or when the defendant files an appeal.

{¶30} Wertman's attempt to classify a Community Control Violation hearing as a "post-conviction proceeding" is dubious. R.C. 120.36 further provides,

> (5)(a) Except when the court assesses an application fee pursuant to division (A)(5)(b) of this section, *the court shall assess an application fee when a person is charged with a violation of a community control sanction or a violation of a post-release control sanction.*

> (b) If a charge of violating a community control sanction or post-release control sanction described in division (A)(5)(a) of this section results in a person also being charged with violating any provision of the Revised Code or an ordinance of a municipal corporation, the court shall only assess an application fee for the case that results from the additional charge.

Emphasis added. Clearly, the statute requires the trial court assess an application fee for appointed counsel for a defendant charged with a community control violation. Wertman was charged and sentenced for a Community Control Violation in the present case.

{¶31} Accordingly, Wertman's Second Assignment of Error is overruled.

III.

{¶32} In his Third Assignment of Error, Wertman argues that the trial court erred by not waiving the fees and costs because the record show he is indigent.

{¶33} In our disposition of Wertman's First Assignment of Error, we found it was plain error for the trial court to assess costs under R.C. 2743.70 and R.C. 2949.091. Accordingly, Wertman's argument concerning those costs is moot.

{¶34} In our disposition of Wertman's Second Assignment of Error, we found the trial court properly assessed costs under R.C. 120.36(A ((5) as required by statute.

**STANDARD OF APPELLATE REVIEW.**

{¶35} Wertman did not object or ask the court to waive the application fee during the Community Control Sanction Hearing held May 6, 2019.

{¶36} A trial court has discretion to waive the payment of court costs if the defendant is indigent. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14, *superseded by statute as explained in State v. Braden, Ohio Sup. Ct. Nos. 2017-1579 and 2017-1609, 2019-Ohio-4202(Oct. 16, 2019).*

{¶37} Therefore, we review the trial court's decision concerning waiving the application fee for court-appointed counsel for an abuse of discretion.

**ISSUE FOR APPEAL.**

*Whether the trial court abused its discretion in ordering Wertman to pay the court appointed counsel fee mandated by R.C. 120.36(5)(a).*

{¶38} In the case at bar, the trial court "assess the court costs in this matter…:" *Community Control Sanction Hearing*, May 6, 2019 at 11. The trial court made no finding on the record or in the sentencing entry that Wertman had the ability to pay the costs. However, the trial court did not access the *fees* for appointed counsel only the *application fee* for appointed counsel pursuant to R.C. 120.36 (5)(a). The Ohio Supreme Court has held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8, *superseded by statute as explained in State v. Braden, Ohio Sup. Ct. Nos. 2017-1579 and 2017-1609, 2019-Ohio-4202(Oct. 16, 2019).*

**{¶39}** In addition, we note the General Assembly amended R.C. 2947.23 by adding the following provision, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the Ohio Supreme Court noted that in light of this new provision, a case does not need to be remanded to the trial court in order for the defendant to obtain an order waiving, suspending, or modifying costs. Id. at ¶ 264 –265. *See also, State v. Braden,* Ohio Sup. Ct. Nos. 2017-1579 and 2017-1609, 2019-Ohio-4202(Oct. 16, 2019).

**{¶40}** Accordingly, in the case at bar, any further dispute as to costs can be handled in the manner authorized under R.C. 2947.23, without remand by this court.

IV.

**{¶41}** In his Fourth Assignment of Error, Wertman argues that his trial attorney was ineffective for not seeking a waiver of court costs and fees.

**STANDARD OF APPELLATE REVIEW.**

**{¶42}** To obtain a reversal of a conviction based on ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693(1984). A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

{¶43} The United States Supreme Court discussed the prejudice prong of the *Strickland* test,

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.
>
> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689–690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., at 689, 104 S.Ct. 2052; *see also Bell*

*v. Cone,* 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002);

*Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180

(1993). The question is whether an attorney's representation amounted to

incompetence under "prevailing professional norms," not whether it

deviated from best practices or most common custom. *Strickland*, 466 U.S.,

at 690, 104 S.Ct. 2052.

*Harrington v. Richter,* 562 U.S. 86, 104-105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

**ISSUE FOR APPEAL.**

*Whether there is a reasonable probability that, but for counsel's failure to object*

*and move to waive court costs the result of the proceeding would have been different*

**{¶44}** Because we have found that the trial court's order that Wertman pay fees

pursuant to R.C. 2949.091 and R.C. 2743.70 was error affecting Wertman's

substantial rights, counsel was ineffective in failing to raise this issue. See, *State*

*v. Carson,* 10th Dist. Franklin No. 05AP-13, 2006-Ohio-2440, ¶51 ("this court held

that where the failure to object does not constitute plain error, the issue cannot be

reversed by claiming ineffective assistance of counsel."); *State v. Koogler,* 10th

Dist. Franklin No. 84AP-221, 1984WL5883(Sept. 6, 1984)("the failure to object

does not automatically become an ineffective assistance of counsel unless the

failure to object rises to the level of plain error. *See Jones v. Jago* (1983), 701

F.2d 45, 47-48; United *States v. DeWolf* (1982), 696 F.2d 1, 4. As pointed out in

*DeWolf*, to allow that claim upon failure to object would allow a defendant to

whipsaw the state by claiming inadequate representation for failure to note

objections not saved by plain error.

{¶45} Wertman's Fourth Assignment of Error is sustained.

**CONCLUSION.**

{¶46} The judgment of the Ashland County Court of Common Pleas is reversed in regard to Assignment of Error I. Accordingly, the trial court's assessment of court costs pursuant to R.C. 2949.091 and R.C. 2743.70 in the May 10, 2019 Judgment Entry is vacated. The decision of the Ashland County Court of Common Pleas is affirmed in all other respects.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle E., J.