[Cite as *State v. Reynolds*, 2026-Ohio-1397.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30512 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CR 00209 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| JERMAINE REYNOLDS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 17, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

JOHN A. FISCHER, Attorney for Appellant
JONATHAN MURRAY, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Defendant-appellant Jermaine Reynolds appeals the trial court's judgment granting restitution for medical expenses to the victim of his domestic violence charge. Reynolds contends that the trial court erred in awarding $3,067 in restitution without sufficient evidence to substantiate the amount. Because the trial court appropriately based the restitution award on its review of the presentence investigation report, we affirm its judgment.

## I. Background Facts and Procedural History

{¶ 2} Following a violent incident with his then-girlfriend allegedly causing her injury, Reynolds was indicted on one count of strangulation (family/household/dating) in violation of R.C. 2903.18(B)(3), a felony of the fourth degree, and one count of domestic violence (knowingly) in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Reynolds pleaded guilty to the domestic violence charge, and the strangulation charge was dismissed as part of the plea agreement.

{¶ 3} During Reynolds's sentencing hearing, the trial court, without further elaboration, stated that it had reviewed Reynolds's presentence investigation report ("PSI"). The PSI contained a victim impact statement, noting that the victim was requesting restitution of $3,067 to cover the cost of her medical bills (including a CT scan) related to the incident. Three medical bills were included in the PSI, and the bills indicated that the victim's payment responsibility totaled $3,067.54. The victim read a statement to the court

during the hearing, stating that she was mentally and physically injured by Reynolds and that he had left her with a facial scar and medical bills. She did not offer copies of her medical bills as evidence during the hearing.

{¶ 4} The trial court sentenced Reynolds to 180 days in jail and ordered him to pay $3,067 in restitution to the victim. Reynolds did not object to the restitution order but now appeals.

## II. Assignment of Error

{¶ 5} In his assignment of error, Reynolds contends that the trial court erred when it awarded $3,067 in restitution against him without any evidence to substantiate the amount. He argues that the trial court's statement in the record that it had reviewed the PSI was insufficient for determining the amount of the restitution award and that it should have explicitly stated how it reached the total. We disagree.

{¶ 6} Under R.C. 2929.28, a trial court may impose financial sanctions on a defendant, including restitution for victims of misdemeanor crimes. "Crime victims should receive restitution from those whose crimes have directly and proximately caused them to suffer economic loss or detriment." *State v. Yerkey*, 2022-Ohio-4298, ¶ 19. A "victim" is a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act. Ohio Const., art. I, § 10a(D).

{¶ 7} If an offender is being sentenced for a criminal offense as defined in R.C. 2930.01, a court imposing a sentence upon the offender for a misdemeanor crime shall sentence the offender to make restitution pursuant to R.C. 2929.28(A) and R.C. 2929.281. R.C. 2929.28(A). R.C. 2929.28(A)(1) states:

The court shall determine the amount of restitution to be paid by the offender.

3

The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. . . . The court shall determine the amount of full restitution by a preponderance of the evidence.

{¶ 8} In determining the amount of restitution at the time of sentencing, the court shall order full restitution for any expenses related to a victim's economic loss due to the criminal offense. R.C. 2929.281(A)(2). "Economic loss" means "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense" and includes "medical expenses." R.C. 2929.01(L); R.C. 2929.281(A)(2). "The amount of restitution may be based on '*an amount recommended by the victim*, the offender, *a presentence investigation report*, estimates or receipts indicating the cost of repairing or replacing property, and other information.'" *State v. Leach*, 2017-Ohio-8420, ¶ 7 (2d Dist.), quoting *State v. Lalain*, 2013-Ohio-3093, ¶ 3. "The evidence to support a restitution order can take the form of either documentary evidence or testimony." *State v. Williams*, 2017-Ohio-125, ¶ 15 (2d Dist.), quoting *State v. Jones,* 2014-Ohio-3740, ¶ 23 (10th Dist.). "An order of restitution must be supported by competent, credible evidence in the record." *State v. Jacobs*, 2018-Ohio-671, ¶ 9 (2d Dist.), citing *State v. Amburgey*, 2011-Ohio-748, ¶ 129 (2d Dist.), citing *State v. Warner*, 55 Ohio St.3d 31 (1990). "Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered." *State v. Golar*, 2003-Ohio-5861, ¶ 9 (11th Dist.). The court must conduct a restitution hearing if the offender, victim, or survivor disputes the amount. *Lalain* at ¶ 3.

4

{¶ 9} In general, "a trial court's imposition of restitution is reviewed on appeal for an abuse of discretion." *State v. Brown*, 2024-Ohio-2004, ¶ 12 (2d Dist.), citing *State v. Wilson*, 2015-Ohio-3167, ¶ 11 (2d Dist.). However, "a defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Twitty*, 2011-Ohio-4725, ¶ 26 (2d Dist.), citing *State v. Ratliff,* 2011-Ohio-2313, ¶ 14 (2d Dist.).

{¶ 10} "In criminal cases where an objection is not raised at the trial court level, 'plain error' is governed by Crim. R. 52(B), which states, 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Wertman*, 2019-Ohio-4940, ¶ 16 (5th Dist.). Plain error arises only when "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus. "In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights." *State v. Mobley*, 2016-Ohio-4579, ¶ 30 (2d Dist.), citing *State v. Norris,* 2015-Ohio-624, ¶ 22 (2d Dist.); Crim.R. 52(B).

{¶ 11} "[E]ven if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it." *State v. Rogers,* 2015-Ohio-2459, ¶ 23. "'An appellate court may, in its discretion, correct an error not raised in the trial court only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the . . . court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" (Cleaned up.) *Wertman* at ¶ 17, quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010). Plain error should be noticed

"with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice." *Long* at paragraph three of the syllabus.

**{¶ 12}** Because Reynolds did not raise any objections before the trial court, he waived all but plain error on appeal, so we apply plain error analysis to his assignment of error. Reynolds, as the appellant, bears the burden of demonstrating that plain error by the trial court affected his substantial rights. *Wertman* at ¶ 18, citing *United States v. Olano*, 507 U.S. 725, 734 (1993), and *State v. Perry*, 101 Ohio St.3d 118, 120 (2004).

**{¶ 13}** Here, the trial court was permitted to base the amount of restitution on the PSI, which in this case included the victim's impact statement and billing documents. Upon its review of the PSI, the court apparently found a direct and proximate link between Reynolds's actions and the victim's economic loss, making restitution proper and allowing the court to determine, within a reasonable degree of certainty, that the amount of the victim's economic loss in medical expenses was $3,067. Under these circumstances, we cannot say the trial court committed plain error affecting the outcome of the proceeding or that there was any error affecting Reynolds's substantial rights. Reynolds's assignment of error is overruled.

### III. Conclusion

**{¶ 14}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.