[Cite as *State v. Swartz*, 2020-Ohio-5037.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2019-CA-17 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2019-CR-209 |
| v. | : | |
| | : | (Criminal Appeal from |
| NATHAN A. SWARTZ | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of October, 2020.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JAMES A. ANZELMO, Atty. Reg. No. 0068229, 446 Howland Drive, Gahanna, Ohio 43230
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Nathan A. Swartz appeals from a trial court judgment that sentenced him to 11 years in prison on convictions for one count of rape and one count of sexual battery, following his no-contest pleas. The judgment of the trial court will be affirmed.

### Factual and Procedural Background

**{¶ 2}** On April 25, 2019, a Miami County grand jury indicted Swartz on one count of rape, a first-degree felony, in violation of R.C. 2907.02(A)(2) (Count 1), and two counts of sexual battery, third-degree felonies, in violation of R.C. 2907.03(A)(5) (Counts 2 and 3). Under Count 1, the indictment alleged that on or about January 1, 2018 through on or about January 31, 2018, Swartz engaged in digital/vaginal insertion, by force or threat of force, with B.S. Count 2 omitted the allegation as to force, but alleged that Swartz engaged in the same conduct with the same victim between the same dates, with the added allegation that Swartz is B.S.'s parent. Count 3 mirrored Count 2, except the dates were changed to aver that the offense occurred on or about January 21, 2018 through on or about February 28, 2018.

**{¶ 3}** At his arraignment, Swartz entered pleas of not guilty to all three charges. (4/19/19 Arraignment Hearing Tr.) Through appointed counsel, he thereafter moved for a competency determination. After receiving a report from a court-ordered psychiatric evaluation and holding a hearing (*see* 7/2/19 Competency Hearing Tr.),[1] the trial court held that Swartz was competent to stand trial and was not insane at the time of the

---

[1] Swartz was present with counsel at the competency hearing. Both Swartz's attorney and the State stipulated to the findings and admissibility of the evaluation report. (7/2/19 Competency Hearing Tr., p. 3.)

offenses.

{¶ 4} On July 11, 2019, Swartz entered pleas of no contest to all three offenses, with a joint recommendation by the State and defense counsel that all sentences run concurrently. During the plea hearing, the trial court advised Swartz "that the Court is not bound by any sentencing recommendations and may impose any penalties that the Court deems appropriate within the relevant sentencing guidelines"; Swartz indicated that he understood. (7/11/19 Change of Plea Hearing Tr., p. 9-10.) The trial court also informed Swartz that he was subject to a mandatory sentence of three to 11 years for the rape offense, plus potential sentences of up to five years for each of the sexual battery offenses, for a total maximum prison term of 21 years. (*Id.*, p. 15-17, 20.) Swartz again affirmed his understanding. (*Id.*) The court accepted Swartz's no-contest plea and continued the matter for a presentence investigation (PSI) prior to sentencing.

{¶ 5} At Swartz's sentencing, a statement by B.S., the then 18-year-old victim of his offenses, was read into the record. (8/19/19 Sentencing Hearing Tr., p. 6-8.) B.S. recounted details of years of alleged abuse by Swartz and its impact on her life, including her dealing with the developmental delays affecting her then eight-month-old child, conceived with Swartz.[2] The trial court also considered the PSI, which set out Swartz's record of two juvenile adjudications and seven adult criminal offenses spanning 19 years, including two domestic violence convictions. The PSI further indicated that Swartz lacked remorse for his most recent offenses.

{¶ 6} Considering the statutory sentencing factors, the trial found that Swartz's

---

[2] DNA testing indicated a 99.9999 percent probability that Swartz is the child's biological father. (PSI, p. 10.)

criminal history and lack of remorse made recidivism likely. The court also found multiple seriousness factors related to the victim's age, her relationship to Swartz, his position of trust, and the seriousness of the harm the victim suffered.

{¶ 7} Based on the parties' stipulation, the court merged the Count 2 sexual battery offense into the Count 1 rape offense, and sentenced Swartz to a mandatory prison term of 11 years on Count 1. On Count 3, the court imposed a three-year sentence, to run concurrently with Count 1, with 116 days of jail time credit. Swartz also was ordered to pay court costs, advised he would be subject to five years of mandatory post-release control (PRC), and ordered to register as a Tier III sex offender. A judgment consistent with the sentencing hearing pronouncements was entered on August 27, 2019.

{¶ 8} Swartz appeals from that judgment, setting forth three assignments of error:

1) The trial court erred by finding Swartz competent to understand the proceedings against him, in violation of his rights [sic] of due process under the Fifth and Fourteenth Amendments to the United States Constitution.

2) The trial court committed plain error by not merging all of Swartz's convictions for rape and sexual battery, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

3) Swartz received ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

### Assignment of Error #1 – Mental Competency

{¶ 9} In his first assignment of error, Swartz contends that the trial court erred by

finding him competent to understand the nature of the proceedings against him so as to stand trial. He claims to have "a history of mental illness," and suggests that his use of inmate "kite" requests to seek a new attorney and to withdraw his plea, instead of filing formal motions with the trial court, demonstrates that he was incapable of adequately assisting in his own defense. (Merit Brief of Appellant, p. 3.)

{¶ 10} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). If a defendant "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[,]" he may not stand trial. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155. The same standard applies as to a defendant's competency to enter a plea of guilty or no contest. *See State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57, citing *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

{¶ 11} R.C. 2945.37 codifies this due process right, providing in pertinent part:

(B) In a criminal action in a court of common pleas, * * * [the] defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. * * *

{¶ 12} R.C. 2945.371 provides that if the issue of a defendant's competence is raised under R.C. 2945.37, the court may order up to three evaluations of the defendant's present mental condition. Further, R.C. 2945.37(E) states that "[t]he prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to

stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule."

{¶ 13} We review a trial court's decision regarding a competency evaluation for an abuse of discretion. *State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 40; *State v. Cook*, 2016-Ohio-2823, 64 N.E.3d 350, ¶ 63 (5th Dist.); *State v. Patton*, 10th Dist. Franklin No. 08AP-800, 2009-Ohio-1382, ¶ 8. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." *State v. Jackson*, 2d Dist. Montgomery No. 23458, 2010-Ohio-2836, ¶ 56. "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.*

{¶ 14} In determining whether a defendant is competent to stand trial, the test is " ' "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." ' " *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶ 15} At Swartz's competency hearing, his trial attorney stipulated as to the authenticity, findings, and admissibility of a forensic evaluation report prepared by Dr. Massimo De Marchis of the Forensic Psychiatry Center for Western Ohio. (7/2/19 Competency Hearing Tr., p. 3 and Exh. I.) Dr. De Marchis opined that Swartz was

"capable of understanding the nature and the objectives of the proceedings against him and assisting in his defense," and that he therefore was competent to stand trial. (*Id.*, Exh. I, p. 2.)[3] No contrary evidence was presented.

**{¶ 16}** The trial court did not abuse its discretion by relying on the uncontested findings of that report to find Swartz competent to stand trial. Absent some conflicting indication at the time of the plea hearing, we presume a defendant deemed competent to stand trial likewise was competent to enter a plea of no contest to the charged offenses. *See State v. Smith*, 2d Dist. Montgomery No. 26746, 2016-Ohio-3361, ¶ 19. Swartz entered his no contest plea just nine days after the competency hearing, and although he at that time claimed to have suffered from depression and post-traumatic stress disorder in the past, he affirmed that those conditions did not affect his ability to understand the plea proceedings. (Plea Hearing Tr., p. 5.) Based on the record, the trial court did not err by finding Swartz competent to understand the nature of the proceedings against him.

**{¶ 17}** We are not dissuaded from that conclusion by Swartz's reference to his use of inmate "kites" instead of legal motions to request a new attorney and to try to withdraw his plea. A lay person's lack of understanding of the appropriate procedures for seeking court relief does not equate to an inability to assist in his own defense; neither does it indicate his incompetence to stand trial. Furthermore, at the time of Swartz's no-contest plea, his attorney opined that Swartz "[a]bsolutely" was competent to enter that plea (Plea Hearing Tr., p. 5-6), and Swartz not only expressed his understanding of the consequences of his plea, but also demonstrated an ability to follow the proceedings and

---

[3] Swartz's appeal does not challenge Dr. De Marchis's separate finding that Swartz was not insane at the time of the offenses.

to respond appropriately to the court's questions.

{¶ 18} Swartz's first assignment of error is overruled.

**Assignment of Error #2 – Merger of Offenses**

{¶ 19} In his second assignment of error, Swartz asserts that the trial court erred by not merging all three of the charges to which he entered no-contest pleas. While the trial court did merge the Count 2 sexual battery offense into his rape conviction, Swartz maintains that the court also should have merged the Count 3 sexual battery as an allied offense of similar import, arguing that the additional sexual battery offense "involved the same victim and * * * the same manner of conduct." (Merit Brief of Appellant, p. 5.)

{¶ 20} Swartz acknowledges that his trial attorney failed to raise this issue in the trial court, and that a plain error standard of review therefore applies. *See, e.g., State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962, ¶ 119 (defendant who did not ask trial court to merge offenses waived allied-offense argument, except for plain error). We have recognized, however, that a trial court's failure to merge allied offenses of similar import constitutes plain error. *See id.,* citing *State v. Shoecraft*, 2d Dist. Montgomery No. 27860, 2018-Ohio-3920, ¶ 56.

{¶ 21} The allied offenses statute, R.C. 2941.25, provides:

(A) Where the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of

the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 22} "Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 30. When considering whether multiple offenses are allied offenses of similar import, a court must ask three questions: " '(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?' " *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12, quoting *Ruff* at ¶ 31. An affirmative answer to any of those questions permits separate convictions. *State v. Caldwell*, 2d Dist. Montgomery No. 27856, 2018-Ohio-4639, ¶ 22, citing *Earley* at ¶ 12 and *Ruff* at ¶ 31.

{¶ 23} As to the import or significance question, offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23. In regard to animus, " '[w]here an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, [a] priori, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.' " *State v. Ramey*, 2015-Ohio-5389, 55 N.E.3d 542, ¶ 70 (2d Dist.), quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). In other words, "[i]f the defendant acted with the same

purpose, intent, or motive in both instances, the animus is identical for both offenses." *State v. Hudson*, 2013-Ohio-2351, 993 N.E.2d 443, ¶ 54 (2d Dist.), quoting *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13.

{¶ 24} During the plea hearing, the State offered the following explanation of the factual circumstances underlying the charges against Swartz:

> In addition to what's alleged in the Indictment, * * * the horrific actions of the Defendant include ongoing sexual relations with his biological daughter, [B.S.]. Those actions started in 2013 and continued up until his arrest in June of 2018.

> Count 1 would require a finding of force * * * – force or threat of force[.] [T]he facts in this case that would prove those elements would be threats of harm to the victim ranging all the way to strangulation of the victim. In addition, the Defendant fathered a child with the victim in this case. Paternity testing did confirm that fact. That child would have been conceived in 2018.

> The State has presented three charges here today; the Rape and the two counts of Sexual Battery. The Sexual Battery in part of Count 2 was plead – or was charged [–] in case a jury or the Court, whoever was the finder of fact, found that force was not used. However, it's the position of the State that force was used, but just in the alternative, Count 2 was filed because of – * * * there is no question with the paternity testing that there was * * * sexual conduct between the Defendant and his daughter; [given] the fact a child – a child was born.

Additionally, there was digital/vaginal penetration as well as penile/vaginal. Looking at the Indictment today * * * it does state, "digital/vaginal" in terms of the sexual conduct. In addition, the Defendant did make admissions to having sex with the victim in this case; however[, he] maintained that the sex was consensual.

That's kind of a very broad overview of the facts of the case, but I believe that's more than sufficient to support the charges in the Indictment.

[The Court]: Can you provide those dates again, sir?

[Prosecutor]: Your Honor, it began in 2013 and lead up until Defendant's arrest in June of 2018. In the Indictment, we focused on the more recent time periods of January 1st, up until the last being February 28th.

(Plea Hearing Tr., p. 12-14.)

{¶ 25} The Count 3 sexual battery offense for which Swartz was sentenced differed from the merged Count 2 sexual battery offense only as to the alleged dates of Swartz's conduct. The dates of the Count 2 offense – "[o]n or about January 1, 2018, to on or about January 31, 2018" (emphasis sic.) (4/24/19 Indictment) – overlapped exactly with the dates alleged as to the Count 1 rape offense. In contrast, the Count 3 offense was alleged to have occurred "[o]n or about January 21, 2018, to on or about February 28, 2018." (Emphasis sic.) (*Id.*) The differing dates indicate that the Count 3 charge was intended to target different sexual acts than those charged in Counts 1 and 2. Accordingly, those different acts would have been "committed separately." *See Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, at ¶ 12.

{¶ 26} "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26. Although the offenses with which Swartz was charged all involved the same victim, that victim suffered separate and identifiable harm as to each separate act of sexual conduct by Swartz. Furthermore, as commission of an earlier rape did not necessitate the commission of later, separate acts of sexual battery, those later offenses also involved a separate animus. *See Earley* at ¶ 12.

{¶ 27} Because the instance of sexual conduct charged in Count 3 was committed separately, with a separate animus, from those charged in Count 1, and resulted in separate harm to B.S., the trial court did not err by failing to merge Swartz's Count 3 sexual battery offense with his Count 1 rape conviction for purposes of sentencing. *See State v. McLoughlin*, 2d Dist. Champaign No. 2017-CA-22, 2018-Ohio-2426, ¶ 44-45 (even if occurring close in time, different acts of sexual conduct are committed separately and with separate animus). His second assignment of error is overruled.

**Assignment of Error #3 – Ineffective Assistance of Counsel**

{¶ 28} Swartz's final assignment of error contends that he was denied his constitutional right to the effective assistance of counsel by his trial attorney's failure both to move that all three charged offenses be merged and to request that court costs be waived. Noting that he was found to be indigent for purposes of court-appointed counsel, Swartz maintains it was "reasonabl[y] probab[le] that the trial court would have waived court costs had [his] counsel made the request." (Merit Brief of Appellant, p. 7.)

{¶ 29} We review alleged instances of ineffective assistance of trial counsel under

the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31, citing *Strickland* at 688. To warrant reversal of a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cox*, 2d Dist. Montgomery No. 25477, 2013-Ohio-4941, ¶ 61, citing *Mitchell* at ¶ 31.

{¶ 30} Having determined above that Swartz's Count 3 sexual battery conviction and his Count 1 rape conviction did not involve allied offenses of similar import, we conclude that Swartz's trial attorney did not perform deficiently by failing to pursue what would have been a futile merger argument as to those offenses. We thus turn to Swartz's challenge regarding his counsel's failure to seek a waiver of court costs.

{¶ 31} Under R.C. 2947.23(A), a trial court is required to impose "the costs of prosecution" against all convicted defendants and to render a judgment for such costs against even those defendants who are indigent. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. However, the trial court has the discretion to waive

court costs if the defendant moves for waiver. *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 13.

{¶ 32} "A finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction." *State v. Felder*, 2d Dist. Montgomery No. 21076, 2006-Ohio-2330, ¶ 64. As the Supreme Court of Ohio recently observed, "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 15. Thus, the fact that Swartz qualified for appointed counsel is insufficient to demonstrate a reasonable probability that the trial court would have deemed Swartz, who was only 36 at the time of sentencing, unable to pay court costs in the future. *See State v. Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶ 22 (regarding future ability to pay fines). Consequently, Swartz cannot demonstrate that he was prejudiced by his trial attorney's failure to move for a waiver of court costs.

{¶ 33} Absent a showing of prejudice, Swartz cannot establish that he was denied the effective assistance of counsel. His third assignment of error is overruled.

### Conclusion

{¶ 34} For the foregoing reasons, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Paul M. Watkins

James A. Anzelmo
Hon. Jeannine N. Pratt