[Cite as *State v. Thomas*, 2021-Ohio-1746.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2020-CRB-490 |
| | : | |
| ROBERTA L. THOMAS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 21st day of May, 2021.

. . . . . . . . . . .

ROGER A. STEFFAN, Atty. Reg. No. 0086330 and MARK M. FEINSTEIN, Atty. Reg. no. 0065183, Champaign County Municipal Court Prosecutor's Office, 205 South Main Street, Urbana, Ohio 43078
    Attorneys for Plaintiff-Appellee

JAMES A. ANZELMO, Atty. Reg. No. 0068229, 446 Howland Drive, Gahanna, Ohio 43230
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Roberta L. Thomas appeals from her conviction for persistent disorderly conduct. We reject her argument on appeal that trial counsel's failure to request a waiver of court costs and to request that a discretionary fine not be imposed constituted ineffective assistance of counsel. As such, her conviction will be affirmed.

## Facts and Procedural History

{¶ 2} During the course of a contentious divorce, Thomas dumped trash and other detritus onto her husband's property. As a result, she was charged with criminal mischief in violation of Saint Paris Village Ordinance (Village Ordinance) No. 131.04(A)(1), a third-degree misdemeanor. Following negotiations, Thomas pleaded guilty to persistent disorderly conduct in violation of Village Ordinance No. 132.04(A)(5), a fourth-degree misdemeanor. The trial court sentenced Thomas to a 20-day jail term, which was suspended subject to successful completion of a 12-month probation period. The trial court also imposed a discretionary $200 fine and ordered that Thomas pay $199 in court costs, resulting in a total financial obligation of $399. Thomas's appointed trial counsel did not request waiver of the court costs or that a fine not be imposed. The trial court did allow a payment plan, which required Thomas to pay at least $20 per month toward the financial obligation. This appeal followed.

## Analysis

{¶ 3} Thomas's sole assignment of error is as follows:

Roberta Thomas received ineffective assistance of counsel, in violation of

the Sixth Amendment to the United States Constitution and Section 10,

Article I of the Ohio Constitution.

Thomas asserts that trial counsel provided ineffective assistance because she did not

request that the trial court waive the fine and court costs.

{¶ 4} Though court costs and a fine are distinct financial obligations, consistent with Thomas's argument, we will consider them together. R.C. 2947.23(A)(1)(a) requires a trial court to assess the costs of prosecution against all convicted defendants. But the trial court is also permitted to waive such costs. R.C. 2947.23(C). On the other hand, the $200 fine was discretionary and within the statutory limit ($250) for a fourth-degree misdemeanor.

{¶ 5} In *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, the Ohio Supreme Court ruled that "when an indigent defendant makes an ineffective assistance of counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard * * * announced in [*Strickland v. Washington*, 446 U.S. 668, 194 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] * * * ." *Id.* at ¶ 1. Under this standard, a defendant must establish that "counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Davis* at ¶ 10, citing *Bradley*, paragraphs two and three of the syllabus. A reasonable probability is established when counsel's error "undermine[s] confidence in the outcome." *Id.*, quoting *Strickland* at 694.

{¶ 6} When reviewing an attorney's failure to file an affidavit reflecting a defendant's indigency and then to request a waiver of a mandatory fine, we, in this analogous circumstance, have concluded that a *Bradley/Strickland* ineffective assistance of counsel analysis is required. *State v. Fultz*, 2d Dist. Champaign No. 2018-CA-22,

2019-Ohio-2593, ¶ 37.   For purposes of this appeal, we will analyze trial counsel's failure to request that a fine not be imposed under the ineffective assistance of counsel standard.

{¶ 7} The only indication in the record that Thomas was indigent was that she had appointed counsel.   But the record also reflected that Thomas, age 34, was employed by the Graham Local School District as an aide and a bus driver and had been so employed for five years.   Counsel was informed at the sentencing hearing that Thomas's total financial obligation was to be $399, and that the trial court would allow payment over time with a minimum obligation of $20 per month.

{¶ 8} The Eighth District Court of Appeals, in *State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-89, explained as follows why the analysis is different when deciding whether to appoint counsel versus whether to waive court costs or not impose a fine:

> [Ledbetter] points to the finding that he was indigent for purposes of appointment of counsel.   However, that determination is qualitatively different than a finding that a person does not have the present or future ability to pay a fine or court costs.   A finding of indigency for the purposes of being provided with counsel is a narrow examination of the resources a person has at the time to be able to hire an attorney.   The considerations for the indigency for representation do not examine a person's future ability to hire an attorney.   The determination of indigency for purposes of the payment of fines and costs are therefore different.   Fines and costs constitute a debt that continues into the future whereby a person can make payments over time or work off the debt through community work service.

Considerations of a future ability to do community work service or to make payments are necessary and unique to the court's inquiry for the payments of fines and costs. This is why a finding of indigency for purposes of appointment of counsel is not sufficient to warrant a waiver of costs and fines at sentencing.

*Id.* at ¶ 18, citing *State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 20.

{¶ 9} Given this difference and the record in this case, we cannot conclude that trial counsel provided ineffective assistance by not requesting a waiver of court costs and that a fine not be imposed. This conclusion is based upon Thomas's employment, the total obligation being $399, and the allowance of a $20 per month payment plan. Given these circumstances, the record does not demonstrate that Thomas was indigent as it related to her ability to pay the court costs and fine.

{¶ 10} Turning to the second part of the test and assuming deficient performance, it also is not apparent to a reasonable probability that the trial court would have waived the court costs and not imposed a fine, if requested, under the circumstances presented.[1] In short, we conclude that Thomas has not established either prong of the ineffective assistance of counsel test on this record. As such, Thomas's sole assignment of error is overruled.

---

[1] The State's brief states that "[i]n the seven plus years [the trial judge] has served * * * he has never waived a defendant's fine or court costs." The accuracy of this statement cannot be ascertained on this record, but, if accurate, a policy of never considering a waiver of court costs or fines, irrespective of a defendant's financial status, would be quite troubling, indicative of a refusal to exercise discretion, and thus an abuse of discretion. *See State v. Carter,* 124 Ohio App.3d 423, 706 N.E.2d 409 (2d Dist.1997).

## Conclusion

{¶ 11} The judgment of the Champaign County Municipal Court is affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Roger A. Steffan
Mark M. Feinstein
James A. Anzelmo
Hon. Gil S. Weithman