[Cite as *State v. Dees*, 2025-Ohio-294.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. Nos. 30106; 30107; 30108; 30128 |
| | : | |
| v. | : | Trial Court Case Nos. 2024 CR 00181; |
| | : | 2024 CR 00038; 2023 CR 03533; 2024 |
| NATHAN DEES | : | CR 398 |
| | : | |
| Appellant | : | (Criminal Appeal from Common Pleas |
| | : | Court) |

· · · · · · · · · · ·

O P I N I O N

Rendered on January 31, 2025

· · · · · · · · · · ·

GARY C. SCHAENGOLD, Attorney for Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

· · · · · · · · · · · ·

HUFFMAN, J.

{¶ 1} Defendant-Appellant Nathan Dees appeals from his convictions in four separate cases. In each case, his sentence included the imposition of a $30 financial sanction under R.C. 2743.70. Dees contends that the trial court erred in imposing the

financial sanctions because he was indigent. Because the trial court could have reasonably concluded that Dees could pay these costs, we affirm the judgments of the trial court.

## I.    Background Facts and Procedural History

{¶ 2} Between November 2023 and February 2024, Dees was arrested four times and was charged with several felonies in four separate cases. He was appointed counsel in each case after the trial court determined that he was indigent and unable to afford counsel. In March 2024, Dees entered guilty pleas to the following charges: breaking and entering; receiving stolen property (motor vehicle); receiving stolen property (motor vehicle); and grand theft (motor vehicle).

{¶ 3} The trial court sentenced Dees to 12-month prison terms in each of his four cases, to be served consecutively. During the sentencing hearing, the trial court stated it had considered Dees's presentence investigation report (PSI), without further elaboration. The court waived other fines and costs to assist Dees with making a restitution payment to the victim, but it ordered him to pay $30 as a financial sanction in each case under R.C. 2743.70 (to be transmitted to the Ohio Treasurer for deposit into the Reparations Fund), finding that the sanction was non-waivable. Dees did not object to the trial court's imposition of the financial sanctions (totaling $120) but now appeals. The four cases have been consolidated.

## II.    Assignment of Error

{¶ 4} Dees asserts the following assignment of error:

THE TRIAL COURT ERRED IN ITS IMPOSITION OF A $30

FINANCIAL SANCTION UNDER §2743.70 OF THE OHIO REVISED CODE.

{¶ 5} Dees contends that the trial court should have waived the $30 sanctions set out in R.C. 2743.70(A)(1)(a) because the court had already determined that Dees was indigent for purposes of appointment of counsel. Dees argues that, because he was indigent, the trial court erred by ordering him to pay $30 in each case and in finding that each $30 sanction was a non-waivable cost. We disagree.

{¶ 6} At the outset, we note that Dees did not object at sentencing and seek a waiver of the financial sanctions imposed by the trial court. "In criminal cases where an objection is not raised at the trial court level, 'plain error' is governed by Crim. R. 52(B), which states, 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' " *State v. Wertman*, 2019-Ohio-4940, ¶ 16 (5th Dist.). An error does not constitute "plain error" unless "but for the error, the outcome of the trial clearly would have been otherwise." *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus.

{¶ 7} An appellate court may, in its discretion, correct an error not raised in the trial court only where the appellant demonstrates that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the . . . court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." (Internal quotation marks and citations omitted.) *Id.* at ¶ 17, quoting *United States v. Marcus*, 560 U.S. 258 (2010). "Notice of plain error

is taken 'only to "prevent a manifest miscarriage of justice." ' " (Citations omitted.) *State v. Brill*, 2023-Ohio-404, ¶ 8 (3d Dist.).

**{¶ 8}** Because Dees did not raise any objections before the trial court, he waived all but plain error on appeal, and we will apply plain error analysis to his assignment of error. Dees, as the appellant, bears the burden of demonstrating that plain error by the trial court affected his substantial rights. *Id.* at ¶ 18, citing *United States v. Olano*, 507 U.S. 725, 734 (1993); *State v. Perry*, 101 Ohio St.3d 118 (2004).

**{¶ 9}** R.C. 2743.70 sets forth additional costs to be imposed in criminal cases to fund reparations payments. Under R.C. 2743.70(A)(1), any person who is convicted of or pleads guilty to any offense (other than a traffic offense that is not a moving violation) is required to pay $30 if the offense is a felony or $9 if the offense is a misdemeanor. "The court shall not waive the payment of this court cost; "[a]ll such moneys shall be transmitted on the first business day of each month by the clerk of the court to the treasurer of state and deposited by the treasurer in the reparations fund." R.C. 2743.70(A)(1).

**{¶ 10}** Although R.C. 2743.70 makes no exception for indigency, R.C. 2949.092 provides for waiver of additional costs, including those under R.C. 2743.70, stating "the court shall not waive the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose *unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender.*"

**{¶ 11}** Dees contends that the trial court considered him to be indigent when it appointed counsel for him and thus erred by imposing the financial sanctions under R.C.

2743.70 after finding them "non-waivable." However, "[a] finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction." *State v. Swartz*, 2020-Ohio-5037, ¶ 32 (2d Dist.), quoting *State v. Felder*, 2006-Ohio-2330, ¶ 64 (2d Dist.); *see State v. Thomas*, 2021-Ohio-1746, ¶ 8 (2d Dist.) (a determination of indigency for purposes of appointment of counsel is qualitatively different than a finding that a person does not have the present or future ability to pay a fine or court costs).

{¶ 12} In sentencing Dees, the trial court considered Dees's PSI. It was not required to hold a hearing on the issue of financial sanctions or to take express factors into consideration when imposing such sanctions. *See State v. Parks*, 2024-Ohio-5026, ¶ 73 (2d Dist.), citing *State v. Hull*, 2017-Ohio-7934, ¶ 9 (2d Dist.), quoting *State v. Culver*, 2005-Ohio-1359, ¶ 57 (2d Dist.). "While it might be preferable, a trial court is not required to expressly state that it considered [a] [d]efendant's ability to pay a fine." *Id.* at ¶ 73, quoting *State v. Parker*, 2004-Ohio-1313, ¶ 42 (2d Dist.), citing *State v. Slater,* 2002-Ohio-5343 (4th Dist.). "The court's consideration of that issue may be inferred from the record under appropriate circumstances." *Id.* The trial court may fulfill its obligation "by considering a presentence investigation report . . . which includes information about the defendant's age, health, education, and work history." (Citation omitted.) *Id.*, quoting *State v. Willis*, 2012-Ohio-294, ¶ 4 (2d Dist.); *accord State v. Kirchgessner*, 2022-Ohio-3944, ¶ 36 (2d Dist.); *State v. Moore*, 2019-Ohio-4806, ¶ 22 (2d Dist.).

{¶ 13} In this case, the fact that Dees qualified for appointed counsel was insufficient to demonstrate that Dees, who was only 35 years old at the time of sentencing,

would be unable to pay financial sanctions totaling $120 in the future. *See State v. Lewis*, 2012-Ohio-4858, ¶ 22 (2d Dist.) (regarding future ability to pay fines). Based on Dees's age, overall good health, GED achievement, and previous employment, as indicated in his PSI, the trial court could have reasonably concluded that he would be able to pay these costs. The record does not otherwise demonstrate that Dees would not be able to pay the R.C. 2743.70 sanctions.

**{¶ 14}** Under these circumstances, we cannot say that the trial court erred by finding the sanctions to be non-waivable. The question of ability to pay financial sanctions is different from indigence for purpose of appointed counsel, and Dees has not demonstrated that the trial court committed "plain error" affecting his substantial rights by imposing costs as it did. Dees has not demonstrated that the trial court's imposition of $120 in financial sanctions affected his substantial rights or the fairness and integrity of the proceedings or resulted in a manifest miscarriage of justice. Accordingly, Dee's assignment of error is overruled.

### III. Conclusion

**{¶ 15}** The judgments of the trial court are affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.