[Cite as *In re D.L.M.*, 2025-Ohio-988.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: D.L.M.

:
:
:
:   C.A. No. 30291
:
:   Trial Court Case No. A-2024-001997-0A
:
:   (Appeal from Common Pleas Court-
:   Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on March 21, 2025

. . . . . . . . . . .

ARVIN S. MILLER, Attorney for Appellant

MATHIAS H. HECK, JR., by TRISTAN D. DIEGEL, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} D.L.M. appeals from his adjudication of delinquency in the Montgomery County juvenile court on one count of obstructing official business. The court imposed a mandatory but waivable $9.00 fine pursuant to Marsy's Law.[1] Because the trial court

---

[1] Marsy's Law is codified in Article I, Section 10a of the Ohio Constitution, enumerating several rights for crime victims.

failed to exercise its discretion to consider D.L.M.'s request to waive the cost due to his indigency, the judgment is reversed as to the imposition of costs, and that issue is remanded for further consideration. In all other respects, the judgment of the trial court is affirmed.

### Procedural History

{¶ 2} D.L.M. was charged by way of complaint on April 27, 2024, with one count of obstructing official business and one count of a curfew violation. He was placed on electronic home monitoring, and a guardian ad litem was appointed for him. On April 30, 2024, the magistrate determined that D.L.M. was indigent and appointed counsel to represent him.

{¶ 3} An adjudicatory hearing occurred on May 20, 2024, at which D.L.M. made an admission to the charge of obstructing official business; in exchange, the curfew violation was dismissed. Electronic home monitoring was terminated, and the magistrate ordered D.L.M. to complete eight hours of community service. D.L.M. was also ordered to "pay mandatory court costs in the amount of $9.00 per O.R.C. 2743.70"; the magistrate waived all other fines and court costs. The judge adopted the magistrate's decision.

{¶ 4} On May 24, 2024, D.L.M. filed a request for findings of fact and conclusions of law, specifically addressed to the mandatory $9.00 in costs that had been imposed.[2] D.L.M. asserted that "R.C. 2151.54 on its face, and in past practice with this court, allows

---

[2] For purposes of context, we note that Ohio's minimum wage as of Jan. 1, 2025, is $10.70 per hour for employers with annual receipts of $394,000 or more. U.S. Department of Labor, State Minimum Wage Laws, https://www.dol.gov/agencies/whd/minimum-wage/state (accessed March 5, 2025).

the court, upon the finding the juvenile is indigent, [to] dispense with all fines and cost[s], including those 'mandatory costs' pursuant to R.C. 2743.70(A)(2)." On May 29, 2024, the magistrate ordered the parties to submit proposed findings of fact and conclusions of law on the issue.

{¶ 5} D.L.M.'s attorney filed proposed findings of fact and conclusions of law on June 17, 2024; the State did not respond or submit a proposal. On July 10, 2024, the magistrate filed an order finding:

● O.R.C. 2743.70 requires a Court to order a $9.00 fine against a juvenile who is adjudicated a delinquent child on a misdemeanor act.

● Counsel for the Juvenile objected to any fines/costs being imposed for the juvenile because he was found indigent in an April 30, 2024 entry appointing the Public Defender, due to his age, and because he could not work this summer due to his schooling.

● All prior findings related to the May 20, 2024 Magistrate's Decision and Judge's Order remain in full force and effect.

{¶ 6} On July 18, 2024, D.L.M. objected to the magistrate's decision. No response was filed.

{¶ 7} The judge filed a final appealable order on August 21, 2024, and an amended order on October 8, 2024. After reviewing R.C. 2151.54 and R.C. 2743.70, the court overruled D.L.M.'s objection, finding:

In the instant case, the use of the word "shall" in both R.C. 2151.54 and R.C.2743.70 creates a mandatory imposition of a specified court cost. The

record indicates that the Magistrate understood that Marsy's Law imposed a mandatory fine that could not be waived. Accordingly, the Magistrate imposed the $9.00 required court cost as the juvenile was adjudicated delinquent for an offense that, if committed by an adult, would be a misdemeanor.

**{¶ 8}** D.L.M. appeals.

## Assignment of Error and Analysis

**{¶ 9}** D.L.M. argues that the trial court erred in concluding that R.C. 2151.54 does not give the court discretion to waive the "required" costs specified in R.C. 2743.70 and R.C. 2949.09, even when it has found the juvenile to be indigent and waived all other costs.

**{¶ 10}** Pursuant to Juv.R. 40(D)(4)(d), if timely objections to a magistrate's decision are filed, the juvenile court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." A trial court's decision to adopt a magistrate's decision is subject to an abuse of discretion standard of review. *In re S.E.*, 2011-Ohio-2042, ¶ 13 (8th Dist.). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support" it. *Id.*

{¶ 11} The transcript of the adjudicatory hearing reflects the following exchange:

THE COURT: . . . And [Counsel for D.L.M.], I will allow you to be heard. I am going to order a $9.00 Marsy's law fine.

[COUNSEL FOR D.L.M.]: Your Honor, may I ask the Court if the Court would consider waiving that, as . . . he was 14 years old at the time of the incident. He just turned 15 a few weeks ago. He's not employed, has no other source of income. He is currently in school this summer and won't be able to even get odd jobs through the summer. He qualified for a public defender, Your Honor, and he's presumed indigent by virtue of his age; and therefore, we would ask that those be waived, and if the Court is not inclined to waive those, we would ask for some reason why the Court's not going to waive those.

THE COURT: Okay. So the Court will waive all other fines and court costs, including any attorney fees related to the appointment of the guardian ad litem or the public defender. However, the Court will order the $9.00 Marsy's Law fine in this case. Anything else . . . ?

[COUNSEL FOR D.L.M.]: Your Honor, is that because the Court considers that a mandatory cost?

THE COURT: Yes. And I believe that will be placed into our entry.

{¶ 12} R.C. 2743.70 sets forth additional costs to be imposed in criminal and juvenile cases to fund reparations payments. Section (A)(1) applies to adults, and Section (A)(2) applies to juveniles. Section (A)(2) states:

(2) The juvenile court in which a child is found to be a delinquent child or a juvenile traffic offender for an act which, if committed by an adult, would be an offense other than a traffic offense that is not a moving violation, shall impose the following sum as costs in the case in addition to any other court costs that the court is required or permitted by law to impose upon the delinquent child or juvenile traffic offender:

(a) Thirty dollars, if the act, if committed by an adult, would be a felony;

(b) Nine dollars, if the act, if committed by an adult, would be a misdemeanor.

The thirty- or nine-dollar court cost shall be collected in all cases. . . .

**{¶ 13}** R.C. 2151.54 governs the waiver of fees and costs. It states:

If a child is adjudicated to be a delinquent child or a juvenile traffic offender and the juvenile court specifically is required, by section 2743.70 or 2949.091 of the Revised Code or any other section of the Revised Code, to impose a specified sum of money as court costs in addition to any other court costs that the court is required or permitted by law to impose, the court shall not waive the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose *unless the court determines that the child is indigent and the court either waives the payment of all court costs or enters an order in its journal stating that no court costs are to be taxed in the case.*

**{¶ 14}** While D.L.M.'s appeal was pending, appellate counsel filed a notice of

supplemental authority, citing *State v. Dees,* 2025-Ohio-294 (2d Dist.), which involved the imposition of costs pursuant to R.C. 2743.70(A)(1). Dees did not object to the imposition of costs or request a waiver and, under plain error analysis, we found that R.C. 2949.092 permitted the waiver of such costs. *Id.* at ¶ 10. That statute states that if a court is required to impose a sum of money as costs pursuant to R.C. 2743.70, "the court shall not waive the payment of the specified additional court costs that [R.C. 2743.70] specifically requires the court to impose unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender." R.C. 2949.092.

{¶ 15} The italicized language in R.C. 2151.54, above, compels the conclusion that the trial court had the authority to waive the court cost that was imposed on D.L.M. While R.C. 2743.70(A)(2) mandates that the $9 cost shall be collected in all cases involving juvenile offenders and makes no exception for indigency, R.C. 2151.54 provides for a waiver of costs, including those under R.C. 2743.70, by its plain language.

{¶ 16} We recognize that appointment of counsel based on indigency does not compel a finding of inability to pay court costs.

> "[A] finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction." *State v. Swartz*, 2020-Ohio-5037, ¶ 32 (2d Dist.), quoting *State v. Felder*, 2006-Ohio-2330, ¶ 64 (2d Dist.); *see State v. Thomas*, 2021-Ohio-1746, ¶ 8 (2d Dist.) (a determination of indigency for purposes of appointment of counsel is qualitatively different than a finding that a person

does not have the present or future ability to pay a fine or court costs).

*Dees* at ¶ 11.  We held in *Dees* that "the fact that Dees qualified for appointed counsel was insufficient to demonstrate that Dees, who was only 35 years old at the time of sentencing, would be unable to pay financial sanctions totaling $120 in the future."  *Id.* at ¶ 13.  Further, "[b]ased on Dees's age, overall good health, GED achievement, and previous employment, as indicated in his PSI, the trial court could have reasonably concluded that he would be able to pay these costs."  *Id.*  The record did not otherwise demonstrate that Dees would not be able to pay the R.C. 2743.70 sanctions.  *Id. Dees* concluded, "[u]nder these circumstances, we cannot say that the trial court erred by finding the sanctions to be non-waivable."  *Id.* at ¶ 14.

{¶ 17} While this matter presents similar arguments to those made in *Dees,* an important distinction exists in that Dees failed to object in the trial court to the imposition of the court costs, and thus the matter was reviewed only for plain error.  Here, though, D.L.M. did object, and thus we review for abuse of discretion. Although D.L.M. was found to be indigent for purposes of obtaining representation, that determination had no bearing on the imposition of the $9 fine.  D.L.M. requested a waiver of the costs, but the trial court determined that the costs were mandatory and did not exercise its discretion to consider whether waiver was appropriate under the circumstances.  In other words, the court failed to exercise its discretion and evaluate D.L.M.'s indigency with respect to payment of costs.  Accordingly, an abuse of discretion is demonstrated, and D.L.M.'s assignment of error is sustained.

{¶ 18} The judgment of the trial court is reversed as to the imposition of $9 in costs,

and the matter is remanded for the juvenile court to exercise its discretion in determining whether D.L.M. is indigent with respect to payment of the minimal mandatory court cost. In all other respects, the judgment will be affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and TUCKER, J., concur.