[Cite as *In re M.D.S.*, 2025-Ohio-1761.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: M.D.S.

:
:
:     C.A. No. 30287
:
:     Trial Court Case No. A-2024-001351-0A
:
:     (Appeal from Common Pleas Court-
:     Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on May 16, 2025

. . . . . . . . . . .

DAWN S. GARRETT, Attorney for Appellant, M.D.S.

MATHIAS H. HECK, JR., by TRISTAN D. DIEGEL, Attorney for Appellee, Montgomery County Children Services

. . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Appellant M.D.S. appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which overruled her objection to a magistrate's decision ordering her to pay a $9.00 court cost pursuant to R.C. 2743.70 after she was adjudicated a delinquent child for committing misdemeanor theft. In support of her appeal,

M.D.S. argues that the juvenile court erred by finding that the $9.00 court cost was not waivable and by failing to waive that cost based on indigency. For the reasons outlined below, we agree that the juvenile court incorrectly determined that the court cost was not waivable. Because the juvenile court failed to exercise its authority to evaluate whether the $9.00 court cost should be waived based on indigency, the judgment of the juvenile court will be reversed as to the imposition of the court cost and the matter will be remanded for the juvenile court to evaluate whether M.D.S. is indigent for the purpose of determining whether it is appropriate to waive that cost. In all other respects, the judgment of the juvenile court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On February 27, 2024, 17-year-old M.D.S. was charged by complaint with conduct that would constitute first-degree-misdemeanor theft in violation of R.C. 2913.02(A)(1) if committed by an adult. After M.D.S. was charged, the presiding juvenile court magistrate found that M.D.S. was indigent for the purpose of appointing her counsel. Once counsel was appointed to M.D.S., the case proceeded to an adjudicatory hearing on May 2, 2024. At the adjudicatory hearing, M.D.S. waived her constitutional rights and admitted to committing the theft offense charged in the complaint. The magistrate thereafter accepted M.D.S.'s admission and adjudicated her a delinquent child. The case then immediately proceeded to disposition.

{¶ 3} During disposition, the magistrate heard positive reports from M.D.S.'s probation officer and guardian ad litem, who advised that M.D.S. was in a stable

environment, going to school, working at Red Lobster, and abiding by her probation. After hearing the positive reports, the magistrate expressed how proud she was of M.D.S. for getting on the right track. The magistrate thereafter disposed of the case by ordering M.D.S. to pay a $9.00 court cost to fund reparations payments as mandated by R.C. 2743.70(A)(2). Although that statute designates the $9.00 as a "court cost," the juvenile court and the parties in this case interchangeably refer to it as the "Marsy's Law fine."[1] The magistrate waived all other fines and court costs.

{¶ 4} Prior to the magistrate's imposition of the $9.00 court cost, M.D.S.'s counsel preemptively objected to the imposition of that cost on grounds that M.D.S. was indigent. The magistrate, however, imposed the court cost over counsel's objection. M.D.S. thereafter filed a timely objection to the magistrate's decision pursuant to Juv.R. 40(D)(3)(b). In her objection to the magistrate's decision, M.D.S. argued that R.C. 2151.54 authorizes the court to waive the $9.00 court cost when the court determines that a child is indigent and either waives the payment of all court costs or enters an order in its journal stating that no court costs are to be taxed in the case. Relying on R.C. 2151.54, M.D.S. claimed that the $9.00 court cost should have been waived in her case since the magistrate determined that she was indigent and issued a dispositional order waiving all other court costs.

{¶ 5} On August 22, 2024,[2] the juvenile court judge overruled M.D.S.'s objection

---

[1] Marsy's Law, which is codified in Article I, Section 10a of the Ohio Constitution, enumerates several rights for crime victims.

[2] On October 9, 2024, the juvenile court issued an amended decision overruling M.D.S.'s objection that simply added necessary final appealable order language.

on grounds that the $9.00 court cost was mandatory and could not be waived. Specifically, the juvenile court found that:

> [T]he use of the word "shall" in both R.C. 2151.54 and R.C. 2743.70 creates a mandatory imposition of a specified cost. The record indicates that the Magistrate understood that Marsy's Law imposed a mandatory fine that could not be waived. Accordingly, the Magistrate imposed a $9.00 required court cost as the juvenile was adjudicated a delinquent for an offense that, if committed by an adult, would be a misdemeanor.

{¶ 6} M.D.S. now appeals from the juvenile court's judgment overruling her objection to the magistrate's decision and raises one assignment of error for review.


**Assignment of Error**

{¶ 7} Under her sole assignment of error, M.D.S. argues that the juvenile court erred by finding that the $9.00 court cost mandated by R.C. 2743.70 was not waivable and by failing to waive that cost. In support of her argument, M.D.S. claims that the language of R.C. 2151.54 authorizes the juvenile court to waive the cost in question when the court finds that a child is indigent and also waives all other court costs. M.D.S. also claims that the juvenile court never considered whether the $9.00 court cost should be waived in her case because it incorrectly determined that the cost was not waivable. As a result, M.D.S. asks this court to reverse the juvenile court's judgment ordering her to pay the $9.00 court cost and to find that said amount cannot be imposed given that the juvenile court determined she was indigent and issued a dispositional order that waived

all court costs.

*Standard of Review*

**{¶ 8}** "A trial court's decision to adopt a magistrate's decision is subject to an abuse of discretion review." *In re D.L.M.*, 2025-Ohio-988, ¶ 10 (2d Dist.), citing *In re S.E.*, 2011-Ohio-2042, ¶ 13 (8th Dist.). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "A decision is unconscionable if it 'affronts the sense of justice, decency, or reasonableness.' " *State v. Harris*, 2023-Ohio-3994, ¶ 72 (10th Dist.), quoting *Fernando v. Fernando*, 2017-Ohio-9323, ¶ 7 (10th Dist.). "A decision is arbitrary if it is made ' "without consideration of or regard for facts [or] circumstances." ' " *State v. Hill*, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed. 2014).

*Relevant Law*

**{¶ 9}** If a child is adjudicated a delinquent child or a juvenile traffic offender, the court may impose various financial sanctions, including costs. R.C. 2152.20(A). However, "[n]o fees or costs shall be taxed in cases of delinquent, unruly, dependent, abused, or neglected children except as required by section 2743.70 or 2949.091 of the Revised

Code or when specifically ordered by the court." R.C. 2151.54.

{¶ 10} As relevant to this case, R.C. 2743.70(A)(2) provides that:

The juvenile court in which a child is found to be a delinquent child or a juvenile traffic offender for an act which, if committed by an adult, would be an offense other than a traffic offense that is not a moving violation, shall impose the following sum as costs in the case in addition to any other court costs that the court is required or permitted by law to impose upon the delinquent child or juvenile traffic offender:

(a) Thirty dollars, if the act, if committed by an adult, would be a felony;

(b) *Nine dollars, if the act, if committed by an adult, would be a misdemeanor.*

The thirty- or nine-dollar court cost shall be collected in all cases. . . .

(Emphasis added.)

{¶ 11} R.C. 2743.70(A)(2) does not include any language discussing the juvenile court's ability to waive the costs required under that statute. R.C. 2151.54, on the other hand, provides the following:

If a child is adjudicated to be a delinquent child or a juvenile traffic offender and the juvenile court specifically is required, by section 2743.70 or 2949.091 of the Revised Code or any other section of the Revised Code, to impose a specified sum of money as court costs in addition to any other court costs that the court is required or permitted by law to impose, the court shall not waive the payment of the specified additional court costs that the

section of the Revised Code specifically requires the court to impose *unless the court determines that the child is indigent and the court either waives the payment of all court costs or enters an order in its journal stating that no court costs are to be taxed in the case.*

(Emphasis added.)

{¶ 12} The State concedes that the language of R.C. 2151.54 provides the juvenile court with authority to waive the court costs mandated by R.C. 2743.70(A)(2). Also, in *D.L.M.*, 2025-Ohio-988 (2d Dist.), this court recently reviewed the foregoing statutes and likewise found that the above italicized language in R.C. 2151.54 compels the conclusion that a juvenile court has the authority to waive the court costs in question. *D.L.M.* at ¶ 15. Specifically, we found that while R.C. 2743.70(A)(2) mandates that the juvenile court collect $9.00 as court costs in all misdemeanor cases involving juvenile offenders and makes no exception for indigency, the plain language of R.C. 2151.54 provides for a waiver of those costs if the court determines that the juvenile offender is indigent and either waives all court costs or issues a journal entry stating that no court costs are to be taxed in the case. *Id.* at ¶ 13-15.

{¶ 13} In *D.L.M.*, the juvenile offender was represented by appointed counsel due to indigency and was adjudicated a delinquent child after he admitted to a charge of obstructing official business. *Id.* at ¶ 2-3. At disposition, the presiding juvenile court magistrate ordered the juvenile offender to complete eight hours of community service and to pay $9.00 in court costs pursuant to R.C. 2743.70 while waiving all other fines and costs. *Id.* at ¶ 3. The juvenile offender thereafter filed a request for the magistrate to issue

findings of fact and conclusions of law with regard to the imposition of the $9.00 court cost. *Id.* at ¶ 4. In doing so, the juvenile offender proposed that R.C. 2151.54 authorized the magistrate to dispense with the mandatory $9.00 court cost upon a finding of indigency. *Id.*

**{¶ 14}** After taking the matter under advisement, the magistrate in *D.L.M.* issued an order finding that R.C. 2743.70 "requires a Court to order a $9.00 fine against a juvenile who is adjudicated a delinquent child on a misdemeanor act." *Id.* at ¶ 5. Accordingly, the magistrate determined that its prior order imposing the $9.00 court cost remained in full force and effect. *Id.* The juvenile offender thereafter filed an objection to the magistrate's decision, which the juvenile court overruled. *Id.* at ¶ 6-7. In overruling the objection, the juvenile court reached the exact same conclusion that the juvenile court reached in this case, i.e., that the $9.00 court cost was mandatory and could not be waived. *Id.* at ¶ 7. The juvenile offender thereafter appealed from that decision. *Id.* at ¶ 8.

**{¶ 15}** As previously discussed, this court determined in *D.L.M.* that the plain language of R.C. 2151.54 provides the juvenile court with authority to waive the $9.00 mandatory court cost under R.C. 2743.70(A)(2) if the court determines that the juvenile offender is indigent and either waives all court costs or issues a journal entry stating that no court costs are to be taxed in the case. *Id.* at ¶13-15. As a result of that finding, we held that the juvenile court in *D.L.M.* abused its discretion by failing to evaluate the juvenile offender's indigency for the purpose of determining whether waiver of the $9.00 court cost was appropriate. *Id.* at ¶ 17. Accordingly, we reversed the juvenile court's judgment imposing the $9.00 court cost and remanded the matter for the juvenile court to

determine whether the juvenile offender was indigent with respect to payment of that cost. *Id.* at ¶ 18.

**{¶ 16}** In reaching our holding in *D.L.M.,* we acknowledged that the juvenile offender had been deemed indigent for the purpose of receiving appointed counsel but found "that appointment of counsel based on indigency does not compel a finding of inability to pay court costs." *Id.* at ¶ 16; *State v. Swartz*, 2020-Ohio-5037, ¶ 32 (2d Dist.) (" '[a] finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction' "), quoting *State v. Felder*, 2006-Ohio-2330, ¶ 64. This is because "a determination of indigency for purposes of appointment of counsel is qualitatively different than a finding that a person does not have the present or future ability to pay a fine or court costs." *D.L.M.* at ¶ 16, citing *State v. Thomas*, 2021-Ohio-1746, ¶ 8 (2d Dist.). Therefore, although the juvenile offender in *D.L.M.* was found to be indigent for the purpose of obtaining representation, we found that determination had no bearing on the imposition of the $9.00 court cost. *Id.* at ¶ 17.

*Analysis*

**{¶ 17}** The scenario in *D.L.M.* is analogous to the present case. Like the juvenile court in *D.L.M.*, the juvenile court in this case incorrectly determined that the $9.00 court cost mandated by R.C. 2743.70(A)(2) was not waivable. Because that cost can be waived upon a finding of indigency and upon the juvenile court's waiver of all court costs, we reach the same conclusion as in *D.L.M.*, i.e., that the juvenile court abused its discretion by failing to exercise its authority to evaluate whether M.D.S. was indigent for the purpose

of determining whether it was appropriate to waive the $9.00 court cost.

{¶ 18} Contrary to M.D.S.'s claim otherwise, there is nothing in the record indicating that the magistrate/juvenile court determined M.D.S. was indigent for the purpose of waiving the $9.00 court cost. As previously discussed, the fact that M.D.S. was found to be indigent for the purpose of having counsel appointed to represent her did not amount to a finding of indigency for the purpose of waiving court costs. The fact that the magistrate/juvenile court decided to waive all other court costs does not amount to a finding of indigency either. Indeed, the record firmly establishes that the magistrate/juvenile court in this case never determined whether M.D.S. was indigent with respect to the payment of court costs.

{¶ 19} Because the juvenile court incorrectly determined that the $9.00 court cost mandated by R.C. 2743.70(A)(2) was not waivable and ultimately abused its discretion by failing to exercise its authority to evaluate whether M.D.S. was indigent for the purpose of determining whether it was appropriate to waive that cost, M.D.S.'s sole assignment of error is sustained.


**Conclusion**

{¶ 20} Having sustained M.D.S.'s assignment of error, the judgment of the juvenile court is reversed as to the imposition of the $9.00 court cost and the matter is remanded for the juvenile court to determine whether M.D.S. is indigent with respect to payment of that cost. In all other respects, the judgment of the juvenile court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.